IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
FORT WORTH DIVISION

U.S. DISTRICT COURT
NORTHERN DISTRICT OF TEXAS
FILED
APR 1 1 2011
CLERK, U.S. DISTRICT COURT
By _____
Deputy

R.E. ATWOOD, §
 §
    Petitioner, §
 §
v. § No. 4:11-CV-008-A
 §
RICK THALER, Director, §
Texas Department of Criminal §
Justice, Correctional §
Institutions Division, §
 §
    Respondent. §

## MEMORANDUM OPINION
### and
### ORDER

This is a petition for writ of habeas corpus pursuant to 28 U.S.C. § 2254 filed by petitioner, R.E. Atwood, a state prisoner currently incarcerated in Iowa Park, Texas, against Rick Thaler, Director of the Texas Department of Criminal Justice, Correctional Institutions Division, respondent. After having considered the pleadings, state court records, and relief sought by petitioner, the court has concluded that the petition should be dismissed, in part, for failure to state a claim upon which relief may be granted and, in part, for failure to exhaust state remedies.

### I. Factual and Procedural History

Petitioner is serving a 40-year sentence for his 1993

conviction for murder in Comanche County, Texas. (State Habeas R. at 12) This petition is deemed filed on January 2, 2011, the date petitioner placed the petition in the prison mailing system.[1] Respondent contends the petition should be dismissed for failing to state a claim upon which relief may be granted or, in the alternative, on exhaustion grounds. 28 U.S.C. § 2254(b)(1).

## II. DISCUSSION

Petitioner raises the following four grounds in the petition:

    (1)  "Failure to Charge Crime. [T]he Parole Board violated the United States Constitution when it charged him with a crime and name that does [sic] not exist.

    (2)  Confrontation Violation. [T]he Parole Board violated the United States Constitution when it denied him the right to cross-examine its statements on the inmate[']s timeslip concerning his name and sentence.

    (3)  Fifth amendment Privilege. [T]he Parole Board is not protected by the Fifth Amendment privilege because its inmate timeslip was voluntarily prepared.

    (4)  First Amendment Violation. [T]he Parole Board violated the United States Constitution

---

[1] See Spotville v. Cain, 149 F.3d 374, 377 (5th Cir. 1998) (holding, under prison mailbox rule, pro se habeas petition filed when papers delivered to prison authorities for mailing).

when it issued its inmate timeslip in name
Atwood, Robert Edward refusing him to respond
to his name R.E. Atwood."

(Pet. at 7-8)

Having reviewed petitioner's memorandum in support it appears the essence of petitioner's claims is that it was improper for the Texas Board of Pardons and Paroles (the Board) to send him an inmate timeslip addressed to, and is incorrectly calculating his good time credits toward his sentence under the name of, "Atwood, Robert Edward," and not R.E. Atwood. The former fails to state a claim upon which relief may be granted and is frivolous. Furthermore, the claim is refuted by the record. The state court records reflect petitioner was charged, pleaded guilty, and was convicted under the name of "Robert Edward Atwood" and held himself out to be "Robert Edward Atwood" in state court. (State Habeas Supp. R. at 9, 11, 17) The latter claim is unexhausted under § 2254(b)(1). Texas inmates must exhaust both administrative and state court remedies, if applicable, as to time-credit claims before raising such a claim in a federal habeas petition. *See* TEX. CODE CRIM. PROC. ANN. art. 11.07 (Vernon Supp. 2009); TEX. GOV'T CODE ANN. § 501.0081. (Vernon 2004).

For the reasons discussed herein,

The court ORDERS the petition of petitioner for a writ of habeas corpus pursuant to 28 U.S.C. § 2254 be, and is hereby, dismissed with prejudice, except as to the time-credit claim, which is dismissed without prejudice on exhaustion grounds.

Pursuant to Rule 22(b) of the Federal Rules of Appellate Procedure, Rule 11(a) of the Rules Governing Section 2254 Cases in the United States District Court, and 28 U.S.C. § 2253(c), for the reasons discussed herein, the court further ORDERS that a certificate of appealability be, and is hereby, denied, as petitioner has not made a substantial showing of the denial of a constitutional right.

SIGNED April 11, 2011.

_____
JOHN McBRYDE
United States District Judge